IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TERRY L. PORTER,

    Movant,

                                      Case No. 3:07-cv-00037
                                      Case No. 3:05-cr-00208-01

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Movant Terry L. Porter's Motion to Vacate, Set Aside and Correct Sentence, Movant's Supplement Motion, and Movant's objections to Magistrate Judge Stanley's proposed findings and recommendations. For the reasons discussed below, the Court **DENIES** Petitioner's objections, **ADOPTS** the proposed findings and recommendations of the Magistrate Judge, and **DISMISSES** Petitioner's § 2255 Motion and Supplement Motion.

**BACKGROUND**

Movant pleaded guilty to possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) on January 31, 2006, and was sentenced by this Court on April 25, 2006. Pursuant to the plea agreement, Mr. Porter is currently serving a sentence of 88 months, to be followed by a four-year term of supervised release.

Movant did not take a direct appeal. Instead, he filed a timely motion on January 19, 2007 pursuant to 28 U.S.C. § 2255, alleging that he was improperly denied a reduction in offense level for acceptance of responsibility. Movant filed a supplement motion on September 25, 2009, alleging ineffective assistance of counsel on two grounds: first, that counsel failed to

advise that the use of illegal drugs would result in a denial of acceptance of responsibility, and second, that defense counsel failed to appeal when requested by Mr. Porter.  Magistrate Judge Stanley filed a Proposed Findings and Recommendation on August 26, 2010, recommending that the original Motion be denied on the ground that denial of acceptance of responsibility is a non-constitutional issue, and, thus, was "procedurally defaulted by the failure to take an appeal" without "cause and actual prejudice" pursuant to *United States v. Frady*, 456 U.S. 152, 166 (1982).  *See* Doc. 79, at 6–7.  The magistrate judge further recommended that both grounds in the Supplement Motion be denied as they were untimely filed and did not relate back to the original pleading pursuant to Federal Rule of Civil Procedure 15(c)(1).  In the alternative, the magistrate judge proposed that this Court find that the Movant failed to meet the *Strickland v. Washington*, 466 U.S. 668 (1984), standard for ineffective assistance of counsel with regard to counsel's alleged failure to warn of the consequences of illegal drug use while on release.  *See* Doc. 79, at 9–10.

An order was previously entered in this action adopting the proposed findings and recommendation as an objection was not timely filed (*see* Docs. 81 & 82), but, as Movant is pro se, the "prisoner mailbox rule" applies and the objection is subject to review.  *See Houston v. Lack*, 487 U.S. 266 (1988).  Movant's sole objection is to the recommendation that this Court find that Movant's claim regarding lack of a direct appeal does not relate back to the original § 2255 Motion.

## ANALYSIS

This Court's review of the magistrate's proposed findings and recommendations to which Petitioner objects is de novo.  28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.").

Under Federal Rule of Civil Procedure 15(c)(1), "[a]n amendment to a pleading relates back to the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Section 2255 motions are subject to a one year period of limitation by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The Supreme Court of the United States has ruled that "an amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). The Court further held that the same "trial, conviction, or sentence" is insufficient to meet the "conduct, transaction, or occurrence" standard of Rule 15(c)(1). *Id.* at 664. Instead, a "common core of operative facts" is required. *Id.*

Here, Movant argues that because his original Motion refers to the fact that he did not file a direct appeal and, further, that because he, as a pro se plaintiff, is held to a more lenient standard under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is sufficient to relate his Supplement Motion to the original Motion. *See* Doc. 83, at 2. This, however, does not satisfy the requirements of Rule 15(c)(1). Movant's original Motion sought to challenge the denial of acceptance of responsibility. The Supplement Motion raises, for the first time, the failure to take a direct appeal. The "operative facts" for these two grounds are separate. The first ground involved Movant's failure to comply with the conditions of release and this Court's decision to deny acceptance of responsibility as a result, while the second involved defense counsel's alleged failure to file an appeal. These involve separate occurrences and separate facts. Thus, Movant's Supplement Motion does not relate back

to his original Motion, and he failed to raise the ineffective assistance of counsel claim in a timely manner. Therefore, the Magistrate Judge's proposed findings and recommendations are **ADOPTED**, Movant's objections to the same are **DENIED**, and Movant's § 2255 Motion and Supplement Motion are **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshal's Service.

ENTER: September 21, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE